IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MALIBU MEDIA, LLC,** | : | CIVIL ACTION NO. 1:15-CV-1211 |
| Plaintiff | : | (Chief Judge Conner) |
| v. | : | |
| **ROBERT POWELL,** | : | |
| Defendant | : | |

### ORDER & JUDGMENT

AND NOW, this 4th day of January, 2016, upon consideration of the motion (Doc. 15) for default judgment by Malibu Media, LLC, ("Malibu"), wherein Malibu seeks damages, attorneys' fees, costs, and a permanent injunction against Robert Powell ("Powell") for his infringement of Malibu's copyrighted works in violation of the Copyright Act, see 17 U.S.C. § 501 *et seq.*, and specifically requests statutory damages in the amount of $2,250.00 per violation, for a total of $119,250.00; attorneys' fees and costs in the amount of $1,647.00; and an order enjoining Powell from any future infringement and directing him to destroy all copies of Malibu's copyrighted works now in his possession, and it appearing that the summons and amended complaint were served on Powell by process server on October 8, 2015, (see Doc. 12), but that, as of the date of this order, Powell has not pled or otherwise defended himself in this litigation, see FED. R. CIV. P. 12, and that, upon request (Doc. 13) of Malibu, the Clerk of Court entered default (Doc. 14) against Powell on November 4, 2015, see FED. R. CIV. P. 55(a), and the court concluding that, taking the facts in the amended complaint as true, see Comdyne I, Inc. v. Corbin, 908 F.2d

1142, 1149 (3d Cir. 1990), Malibu's allegations are sufficient for default judgment purposes to establish its "ownership of a valid copyright" and Powell's "copying of constituent elements of the work that are original," Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc., 499 U.S. 340, 361 (1991), to wit: that Malibu owns valid copyrights to the subject films identified in Exhibit A to its amended complaint, (see Doc. 8-1), and that Powell, without authorization, downloaded and shared those films through his use of the BitTorrent protocol and file distribution network, (Doc. 8 ¶¶ 3, 10, 17-24), and the court noting, with respect to the issue of damages, that it "may conduct hearings [if] it needs to . . . determine the amount of damages," FED. R. CIV. P. 55(b)(2), but that courts may order minimum statutory damages in copyright infringement matters without a hearing, see Broad. Music, Inc. v. Spring Mount Area Bavarian Resort, Ltd., 555 F. Supp. 2d 537, 544-45 (E.D. Pa. 2008), and may order an amount in excess of the minimum without a hearing when the default judgment record provides a "sufficient basis" to determine that the requested award is "just," id.; see 17 U.S.C. § 504(c)(1), and it appearing that the Copyright Act authorizes an award, for each violation, of an amount "not less than $750 or more than $30,000," 17 U.S.C. § 504(c)(1), and that Malibu requests treble the minimum amount, or $2,250.00 per violation, for a total damages request of $119,250.00, and it further appearing that some district courts addressing factually identical circumstances have authorized awards of $2,250.00 per violation, see, e.g., Malibu Media, LLC v. Goodrich, No. 12-CV-1394, 2013 WL 6670236, at *11 (D. Colo. Dec. 18, 2013); see also Malibu Media, LLC v. John Does, 950 F. Supp. 2d 779, 788 (E.D. Pa. 2013), but that others have opted for lesser amounts when, as here, a plaintiff's

2

allegations do not establish that the defendant was the initial "seeder" of the copyrighted material, see Malibu Media, LLC v. Cui, No. 13-5897, 2014 WL 5410170, at *4 (E.D. Pa. Oct. 24, 2014), and instead evince that the defendant "was merely one participant in a group of users sharing bits and pieces of [the plaintiff's] works," Malibu Media, LLC v. Brenneman, No. 3:13-CV-332, 2013 WL 6560387, at *2 (N.D. Ind. Dec. 13, 2013), noting the troubling trend of "copyright trolls" in this particular film industry, who file mass infringement lawsuits against Doe defendants "not to be made whole, but rather as a primary or secondary revenue stream," id. (citing Third Degree Films v. Does 1-47, 286 F.R.D. 188, 189-90 (D. Mass. 2012)), and the court observing that, although Malibu has not exhibited disreputable conduct in this case, it does have twenty seven (27) nearly identical copyright infringement actions pending in this judicial district, and has initiated and settled fifty (50) others since early 2014, and the court concluding that an award of $750 per violation will serve as a sufficient deterrent of future violations by Powell and others, and the court further noting, with respect to Malibu's request for injunctive relief, that an injunction is an authorized remedy in infringement actions when necessary "to prevent or restrain infringement of a copyright," 17 U.S.C. § 502(a), and that, in assessing the propriety of an injunction *sub judice*, the court must consider whether Malibu is likely to succeed on the merits; whether it will suffer irreparable harm if an injunction does not issue; whether an injunction will result in even greater harm to Powell; and whether such relief serves the public interest, see Broad. Music, Inc., 555 F. Supp. 2d at 543, and the court concluding that Powell's default prevents an assessment of the merits, but that Powell will not be harmed by an injunction

preventing his continued unlawful behavior; that the public interest supports such an injunction; and that irreparable harm is presumed upon a *prima facie* case of copyright infringement, see id. (quoting Apple Comput., Inc. v. Franklin Comput. Corp., 714 F.2d 1240, 1254 (3d Cir. 1983)), and the court further concluding that the requested attorneys' fees and costs are reasonable, see 17 U.S.C. § 505, and that the number of hours billed is both appropriate and proportionate to this stage of the litigation, (see Doc. 15-5), it is hereby ORDERED that:

1. The motion (Doc. 15) for default judgment is GRANTED.

2. Default judgment is ENTERED in favor of plaintiff and against defendant in the amount of $41,397.00, plus interest, consisting of:

    a. Statutory damages in the amount of $750.00 for each of fifty-three (53) total violations, for a total of $39,750.00, plus interest, pursuant to 17 U.S.C. § 504(c) and 28 U.S.C. § 1961.

    b. Attorney's fees and costs in the amount of $1,647.00, plus interest, pursuant to 17 U.S.C. § 505 and 28 U.S.C. § 1961.

3. Defendant is ENJOINED from directly, contributorily, or indirectly infringing plaintiff's rights under federal or state law in its copyrighted works, including, without limitation, by using the internet, BitTorrent, or any other online media distribution system to reproduce (e.g., download) or distribute its copyrighted works, or to make plaintiff's copyrighted works available for distribution to the public, except pursuant to a lawful license or with the express authority of plaintiff.

4. Defendant is further ENJOINED and ordered to destroy all copies of plaintiff's copyrighted works that defendant has downloaded onto any computer hard drive or server without plaintiff's authorization, and shall destroy all copies of the copyrighted works transferred onto any physical medium or device in defendant's possession, custody, or control.

5. The Clerk of Court is directed to CLOSE this case.


    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania